IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RAYMOND LEE YOUNG | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv394 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Raymond Lee Young, an inmate confined at the McConnell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On March 27, 2008, following a trial by jury in the 252nd Judicial District Court for Jefferson County, Texas, Petitioner was convicted of Murder. Petitioner was sentenced to a term of imprisonment for life in the Texas Department of Criminal Justice.

Petitioner appealed his conviction and sentence to the intermediate state appellate court. On October 4, 2009, the Ninth Court of Appeals affirmed the judgment of the trial court. *Young v. State*, No. 09-08-164-CR (Tex. App. - Beaumont Oct. 4, 2009, pet. ref'd). On March 31, 2010, the Texas Court of Criminal Appeals denied Petitioner's Petition for Discretionary Review. *Young v. State*, PDR No. 1627-09 (Tex. Crim. App. 2010).

On June 23, 2016, Petitioner filed a post-conviction motion for forensic DNA testing and retesting of evidence gathered by police during the investigation of the case. (Doc. 22-5 at *4-10). The trial court denied the Motion on October 31, 2016 (Doc. #22-5 at *15-17). The denial was affirmed on appeal. (Doc. 22-4 at *1). On June 13, 2018, the Texas Court of Criminal Appeals refused Petitioner's Petition for Discretionary Review. (Doc. 22-1 at *1).

Petitioner filed one state Application for Writ of Habeas Corpus on December 4, 2017. (Doc. #22-38 at *1). The Texas Court of Criminal Appeals denied the Application without written order on March 20, 2019. (Doc. #22-34 at *1).

Petitioner filed this Petition for Writ of Habeas Corpus on August 28, 2019.[1]

## The Petition

Petitioner brings this Petition for Writ of Habeas Corpus asserting the following ten grounds for relief: (1) the trial court erred by failing to sign an order for discovery; (2) the trial court erred in denying his requests for continuance; (3) the trial court erred by denying his Motion for Independent Ballistics Examination; (4) prosecutorial misconduct; (5) the prosecution suppressed material evidence; (6) the State proffered false testimony and failed to correct it; (7) trial counsel provided ineffective assistance of counsel; (8) he is actually innocent by a preponderance of the evidence; (9) the State engaged in intrinsic fraud tactics in order to obtain a conviction; and (10) the State habeas court conducted a "paper hearing," depriving him of due process and a fair trial.

## The Response

The Respondent was ordered to show cause why relief should not be granted. In response, the Respondent asserts that Petitioner's claims of actual innocence and state habeas error are not cognizable on federal habeas review, and the claims also are subject to affirmative defenses. The Respondent further asserts that Petitioner's remaining claims are barred by limitations. Accordingly, the Respondent contends Petitioner's Petition should dismissed.

## Analysis

*Defects in State Habeas Proceeding*

Petitioner asserts a ground for relief complaining of a defect in his state habeas proceeding. In ground ten, Petitioner claims the state habeas court erred when it conducted a "paper hearing," depriving him of due process and a fair trial.

---

[1] A *pro se* prisoner's habeas Petition is deemed filed, for purposes of determining the applicability of the AEDPA, when he delivered the papers to prison authorities for mailing. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998).

Claims concerning infirmities in state habeas proceedings are not cognizable on federal habeas review. *Beazley v. Johnson*, 242 F.3d 248, 271 (5th Cir. 2001); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999). This court cannot grant habeas corpus relief "to correct alleged errors in state habeas proceedings." *See Trevino*, 168 F.3d at 180. "[E]rrors in state postconviction proceedings will not, in and of themselves, entitle a Petitioner to federal habeas relief." *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). It is well-established that "infirmities in state habeas proceedings do not constitute grounds for relief in federal court . . . because an attack on the state proceedings is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson,* 256 F.3d 317, 319-20 (5th Cir. 2001). Accordingly, Petitioner's claim fails to state a claim upon which habeas relief may be granted.

*Limitations*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, amended 28 U.S.C. § 2244 by imposing a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. 28 U.S.C. § 2244(d)(1), as amended, provides in pertinent part the following:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The majority of Petitioner's claims relate to errors which occurred during or before trial. Petitioner's conviction became final on June 30, 2010. Therefore, the one-year limitations period expired on June 30, 2011, making his claims more than eleven years too late. When addressing the timeliness of his Petition, however, Petitioner claims he has a valid ineffective assistance of counsel claim for not properly investigating the case and an actual innocence claim based on "newly discovered/newly available *Brady* evidence that is material in this case, [which] was obtained eight (8) years after the conviction." (Doc. #1 at *12). Therefore, the Petition is liberally construed as seeking tolling under 28 U.S.C. § 2244(d)(1)(D), as well as attempting to bring an actual innocence claim.

Petitioner claims he obtained a report in 2016 that revealed the location of the recovered clothing items belonging to the victim's boyfriend which were allegedly listed on a page missing from Sara Moon's Report. (Doc. #1 at *40). Petitioner claims he received the missing page "at the end of November 2016." (Doc. #25 at *5). Petitioner states he placed his state habeas application raising the new claim in the prison mail system "at the end of November 2017."[2] Thus, almost all, if not all, of Petitioner's one-year limitations period had expired before he filed his state Application for Writ of Habeas Corpus.

Petitioner's state Application for Writ of Habeas Corpus was denied on March 20, 2019. However, Petitioner waited an additional five months before filing this Petition on August 28, 2019. Therefore, even affording Petitioner tolling under 28 U.S.C. § 2244(d)(1)(D) from the date he claims the evidence was discovered, Petitioner's claims based on such evidence are time-barred.

---

[2] It is noted that the Respondent does not agree with this date, asserting instead that Petitioner filed his Petition "no earlier than December 1, 2017." (Doc. 24 at *4). The distinction is not determinative in this action and will not be addressed at this time.

Additionally, as set forth above, Petitioner's remaining claims are more than eleven years too late and should be dismissed.

*Actual Innocence*

Finally, Petitioner claims that, as the result of newly discovered evidence, he is actually innocent of the charges against him. In *McQuiggin v. Perkins,* 569 U.S. 383 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a Petitioner may pass whether the impediment is a procedural bar ... or ... expiration of the statute of limitations." However, the Court cautioned that such claims of actual-innocence are rare, explaining that "a Petitioner does not meet the threshold requirement unless he persuades the district court, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (citing *Schlup v. Delo,* 513 U.S. 298, 329 (1995)); *see also House v. Bell,* 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

A credible claim of actual innocence requires that the Petitioner support his allegations of constitutional error with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup,* 513 U.S. at 324. Absent a claim of constitutional error supporting a claim of actual innocence, a free-standing claim of actual innocence relevant to the guilt of a prisoner does not state a basis for federal habeas relief. *See In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Lucas v. Johnson*, 132 F.3d 1069, 1075-76 (5th Cir. 1998).

In this case, Petitioner claims he learned of a DNA match three years after his conviction. Additionally, Petitioner refers to a blood-soaked item of clothing discovered eight years after his conviction. Petitioner, however, has provided no actual DNA evidence demonstrating his innocence. In fact, during review of his state habeas Application, the state court concluded Petitioner "fabricated the existence of newly discovered/available DNA results, and has fabricated the existence of the victim's blood purportedly covering Demond Guidry's gray t-shirt as described in Sara

Moon's supplemental narrative dated June 17, 2004." (Doc. 23-6 at *8). The court found Petitioner "failed to establish his bare actual-innocence claim by clear and convincing evidence." *Id.* Petitioner's claims merely go to the weight of the evidence and do not prove he is actually innocent.

Petitioner has failed to show a reasonable probability that, had the evidence been available at trial, the result of the proceedings would have been different. Given the circumstances of this case, Petitioner has failed to show the alleged errors complained of so infected the trial with unfairness as to make the resulting conviction a denial of due process. *See Gonzales v. Thaler*, 643 F.3d 425, 429 (5th Cir. 2011). Moreover, even assuming the existence of some new evidence and that a bare claim of actual innocence could state a cognizable ground for federal habeas relief, the Supreme Court has stated that, even if a "truly persuasive" showing of actual innocence would warrant federal habeas relief, the threshold for such a claim would be "extraordinarily high." *See Herrera v. Collins*, 506 U.S. 390, 417 (1993). In this case, Petitioner has failed to set forth a truly persuasive showing of actual innocence and his claims do not satisfy the extraordinarily high threshold for an actual innocence claim. Accordingly, Petitioner has failed to meet his burden of proof and his claims should be denied.

## Recommendation

The above-styled Petition for Writ of Habeas Corpus should be dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 5th day of August, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE